O’Neall, 0. J.,
dissenting: The right of appeal from Chancellor Wardlaw’s decree, so far as the rights of Grezelle are concerned, is the point upon which I differ. The case of Price vs. Nesbitt, 1 Hill Ch. 445, presents my views on the vexed question as to the right of appeal from an interlocutory decree. The decree there was prepared after a full examination and review of the authorities, and in obedience to the *145 appeal decree in Harrison vs. Jenkins. I never have had occasion to regret its conclusion.
Still, I may be allowed to say that if the Court of Appeals in Equity, in their rule from 1837 to 1859, had settled a different practice I would cheerfully yield to it. But I think they have not. It is true Price vs. Nesbitt, in the language of one of my brethren, has been very much “ blackballed," but its principle is affirmed in Simpson vs. Downes, 5 Rich. Eq. 424, (in 1853.) In that case Chancellor Dargan, in undertaking to settle the right of appeals, says, “ The opinion of the Court is, that where there is a final decree as to any one of the parties, or any distinct branch of litigation, so that nothing remains to be adjudged, as to that party or that branch of the litigation, the appeal must be taken within the time and in the manner prescribed by the rules of Court, or the right of appeal will be lost.
“It is different where there has been a decree adjudging the liability of a party with a reference to the Commissioner to ascertain the amount due, or where something remains to be done requiring the further judicial action of the Court."
I accept this as the rule now to govern in the Court of Equity.
In this case, Grezelle was held to be in common right as next of kin in the fourth degree with the children of Eraysse; and a writ of partition to divide the real estate of Simon Yerdier, in this State, acquired after the making of his will, among his widow, the children of Eraysse, and Grezelle, was ordered. A reference was also ordered as to the rents and profits.
Upon the coming in of the Commissioner’s report, the question was made whether Grezelle was entitled at all. It seems he is in the fifth degree of relationship to Simon Yerdier, and not in the fourth, as the Chancellor’s decree supposed. He is therefore not of the next of kin to the deceased. I think the parties have the right, on the coming in of the *146 Commissioner’s report, to have this plain mistake corrected by way of appeal.
I agree with Chancellor Wardlaw that the debts of Simon Yerdier are properly chargeable on the real estate acquired subsequently to the execution of his will. ' The case of Warley vs. Warley decides, and-1 think rightly, that very question.

Appeal dismissed.